BOTELER & BELT vs. STATE, use CREDITORS CHEW & Co.
June 1835.

There were issues of law, and issues of fact, in the same record, and the issues of fact were first tried, and a verdict thereon taken for the plaintiff; the issues of law were determined by the court for the defendant, and judgment rendered accordingly. Upon motion of the plaintiff, the court set aside the verdict, and ordered the issues to be tried anew. The plaintiff, by the leave of the court, amended his pleadings, and the defendant appealed from the judgment of the court, granting a new trial. *Held,* that the decision of the County court was *not so far final,* as to settle and conclude the rights involved in the action, or deny to the party the means of further prosecuting or defending the suit, and that the appeal must be dismissed.

When the proceedings below, at law, are terminated by a final judgment, an appeal will then lie, and all the errors of the court below, in the whole progress of the cause, are proper subjects for the correction of this court.

APPEAL from PRINCE GEORGE's County court.

This was an action of *Debt,* instituted on the 19th of April 1832, by the appellee, against the appellants, and one *E. M. Dorsey,* (who died pending the suit) on a bond dated August 7th 1830, in the penalty of $5000, conditioned for the performance by said *Dorsey,* of his duty as trustee, for the sale of certain real estate, mortgaged by one *Walter B. Brooke,* to *Lucy S. Brooke,* and decreed to be sold by *Prince George's* County court, as a court of Chancery, upon a bill by the mortgagee.

The defendants pleaded performance of the condition of the bond, by *Dorsey* the trustee.

The plaintiff replied, setting out the decree in the case of *Lucy S. Brooke* against *Walter B. Brooke.* The sale of the mortgaged property by the trustee, the receipt of $7550 of the purchase money by him, and sundry other proceedings, which led to the passing of an order by the court, requiring the said trustee to pay to the creditors of *Henry M. Chew & Co.* the amount of a judgment, against *Walter B. Brooke* the mortgagor, for their use, rendered by the said County court, at the suit of the said *Henry M. Chew & Co.,* and the refusal of the said trustee to do so, upon notice and demand.

The defendants rejoined—

1st. No such decree.

2nd. No such payment.

3d. That after the rendition of the judgment aforesaid, the said *Henry M. and Phil. Chew*, for the use of their creditors, sued out a *fieri facias*, of and upon said judgment, which was levied by the sheriff, to whom the same was directed, and returned " not sold for want of buyers."

4th. That said creditors have been satisfied the amount of their judgment.

5th. That no notice, and demand of the money, was ever made of said *Dorsey*.

The plaintiff surrejoined, taking issue upon the several defences of law, and fact, set up by the rejoinder.

The jury found for the plaintiff upon the issues in fact, and assessed his damages at $1133. But the court found the issues in law for the defendants, and rendered judgment in their favor.

The plaintiff then moved, that the verdict be set aside, and a new trial granted of the issues.

1st. Because an amendment of the pleadings is necessary, in order to enable the court to give judgment, according to the right and equity of this case.

2nd. Because the right of the plaintiff to recover upon the merits, has been clearly made out, and yet, if the verdict is suffered to stand, judgment may be rendered against it, upon the grounds of a variance upon the pleas of *nul tiel record.*

3d. Because at the opening of this cause, the plaintiffs attornies, proposed to try the issues in law before the issues in fact were tried, and insisted upon their right so to do, and they waived this right in order to gratify the defendants attornies, who had stated, that they were not prepared to try the issues in law, and desired time to enable them to examine the pleadings and records; and that although the attornies deny, that any such statements were made, and the attornies for the plaintiff cannot make a positive averment against such denial, yet they affirm that they did waive their proposition,

only because they were under an impression, that such state-
ments were made, and that the attornies for the defendants
had appealed to their professional courtesy.

The County court set aside the verdict, and ordered the
issues to be tried anew. The plaintiff then prayed for, and
obtained leave to amend his replication, and having filed an
amended replication, the defendants appealed from the judg-
ment of the court, granting a new trial.

A motion was made in this court, by the appellee to dismiss
the appeal, which was argued before Archer, Dorsey, and
Chambers, Judges.

Taney and Pratt, in support of the motion, contended,

1. That the subject of granting, or overruling motions for
new trials, is referred exclusively to the discretion of the
inferior court, which alone can be familiar with all the circum-
stances, by which their discretion should be regulated. The
order upon such a motion does not settle the rights of the
parties. *Dartnall vs. Howard & Gibbs,* 18 *Serg. & Low* 238.
*Hughes Lessee vs. Howard,* 3 *Harr. and Johns.* 9. *Storer vs.
Gordon,* 2 *Chitty R.* 27. Whether the allowing the motion
for a new trial, has the effect to deprive the defendants of the
benefit of their judgment upon the pleas of *nul tiel record,* or
what its influence may be upon final result of the case, is not
the subject of examination now. The question now for
decision is, will an appeal lie from an order granting a new
trial. It will not, nor from the grant of permission to amend
the pleadings. *Jacobs vs. Miniconi,* 7 *Term* 32. *Mar. Ins.
Co. vs. Hodgson,* 6 *Cranch* 217. *Ib.* 218. *Walden vs. Craig,*
9 *Wheat.* 576. *Anderson vs. The State,* 5 *Harr. and Johns.*
174. *Hawkins vs. Jackson,* 6 *Harr. and Johns.* 151, *note.
Gover vs. Cooley,* 1 *Har. and Gill* 7. *Halhead vs. Abrahams,*
3 *Taunt.* 81. 2 *Wilson* 144. 1 *Sellon Pr.* 490. *Pickett vs.
Legerwood,* 7 *Peters* 147.

2. If the judgment upon the pleas of *nul tiel record,* is
final, and closes the case, then the appellants are not aggrieved
by the order appealed from, and consequently have no right to

appeal; and whether it is thus final and conclusive, will be decided when the new trial takes place, when all the proceedings in the cause, will come up for revision. Before such new trial is had, the appeal is premature.

JOHNSON, and MAGRUDER, against the motion—

1. All the pleas set up, defences going to the whole case, and either, found for the defendants, was conclusive against the right to recover. If the issues in law had been tried first and found for defendants, the issues in fact would not have been tried, and the same result would have followed, if the issues in fact had been so found. 12 *Pick.* 15.

The object of the motion for a new trial, and to amend the pleadings, was to strike out a final judgment for the defendants. If a motion for that direct purpose had been made, and prevailed, it is clear an appeal might have been taken. *Munnikuyson's Adm'x. vs. Dorsett's Adm'x.,* 2 *Harr. and Gill* 374. *The State vs. Cox, Ib.* 379. And the same right must exist, when the same purpose is attempted to be indirectly accomplished.

2. The court at that stage of the cause, had no power to authorize an amendment of the pleadings. The rules of pleading, are not always within the discretion of the inferior court. *Wall vs. Wall,* 2 *H. and G.* 79. No power to permit amendments, existed prior to the statute, which only authorizes such amendments *before* verdict. 1785, ch. 80, sec. 4, 1809, ch. 53, sec. 1. But if the power existed antecedently at common law, and amendments were allowable after verdict, the statute was designed to restrain the power, and confine the privilege to amendments before verdict. *Union Bank of Maryland vs. Ridgely,* 1 *H. and G.* 407.

CHAMBERS, Judge delivered the opinion of the court.

We do not think the appellants counsel have succeeded in distinguishing this case, from those, which fall within the well established rule, that no appeal can be prosecuted to this court, until a decision has been had in the court below, which

is so far final, as to settle, and conclude the rights of the party involved in the action, or denying to the party the means of further prosecuting or defending the suit.

The cases of *Munnikuyson vs. Dorsett's Adm'x.* 2 *Harr. and Gill* 374, and *State vs. Cox. Ib.* 379, were referred to as sustaining a contrary doctrine. But in each of those cases, the defendant was discharged without day; the plaintiffs claim was entirely defeated, and in short, the judgment was a final judgment for defendant.

It is not denied that this case was within the general jurisdiction of the court, and that at some stage of the proceeding it was competent for the court, to order an amendment of the pleas, and to grant a new trial; and the sole question argued is, whether the orders passed were illegal and erroneous, because of the particular predicament of the cause, at the moment when they were passed.

To permit an appeal from any decision of the court below, which does not finally settle the rights of the party, or conclude the cause, would enable either plaintiff, or defendant to protract the suit to an almost indefinite period. If by an allegation, that the court has exceeded its powers, this court can be put to an investigation of the case, it is plain, the allegation may be made in reference as well, to one order, as another, and in short, to any and every order, and as the appeal must stay the hands of the court below, the suit would be interminable.

It is time enough for a party to apply to this court for redress, when it is ascertained that he is to be injured by the judgment of which he complains. Certainly that fact does not appear in this case. For aught we can learn from the record, the defendants may obtain the final judgment of the court, and be entirely discharged from the claim of the plaintiff. Should the result be otherwise, when the proceedings below, shall be terminated, an appeal will then lie, and all the errors of the court below, in the whole progress of the cause, will be proper subjects for complaint of the party, and for the correction of this court.

APPEAL DISMISSED WITH COSTS.