## WILLIAM A. DARCEY et al. vs. MARY ELLEN BAYNE et al.

*Appeal from Order Overruling Demurrer to Bill—Purchase of Property by One Co-tenant at Mortgage Sale—Contribution by Other Co-tenants.*

An appeal lies from an order overruling a demurrer to an entire bill in equity, since such order is final in its nature.

When a tenant in common of property purchases the same at a mortgage foreclosure sale, the purchase enures to the benefit of his co-tenants, if the latter elect, within a reasonable time, to pay their share of the purchase price. But such co-tenants are not under any obligation to contribute and they may abandon the purchase.

A bill alleged that the plaintiff and the defendants were tenants in common of certain property; that the same was sold under an outstanding

mortgage, and was purchased by one of the defendants; that such purchase by one co-tenant enured to the benefit of all; that each co-tenant was entitled and bound to contribute his proportionate share of the purchase price, and upon payment of the same should be declared to own an undivided interest in the property. The bill prayed that each tenant be decreed to pay his rateable proportion of the purchase price, receiving therefor a deed as tenant in common, and in the event of a failure of any one of the parties to pay his share, that the land be sold and the proceeds divided. *Held*, that since the plaintiff's bill does not allege that he tendered his proportion of the purchase price to the purchaser of the property, the defendant, nor offers to do so, but prays for a sale of the property, a demurrer to the bill should be sustained.

*Decided April 6th, 1907.*

Appeal from the Circuit Court for Prince George's County (MERRICK, J )

The cause was argued before BRISCOE, BOYD, PEARCE, SCHMUCKER, BURKE and ROGERS, JJ.

*T. Van Clagett*, for the appellants.

*Clarence M. Roberts*, for the appellees.

ROGERS, J., delivered the opinion of the Court.

This case comes before us for review upon an appeal from an order of the Circuit Court for Prince George's County overruling a demurrer which had been interposed to the bill of complaint filed in the case; and we are asked to dimiss the appeal because an order overruling a demurrer is not in the nature of a final decree or order, and that therefore no appeal lies. This question has been repeatedly and we think definitely settled by the decisions of this Court. In the case of *Chappell* v. *Funk*, 57 Md. 472, JUDGE MILLER delivering the opinion of this Court says: "By the law regulating appeals from Courts of equity (Code, Art. 5, sec. 20), an appeal is allowed "from any final decree or order in the nature of a final decree," and it is well settled, that an order of the latter character to admit of an appeal, must be one which finally settles some disputed right or interest of the parties, *Dillon* v. *Ins. Co.*,

44 Md. 395. A demurrer to the entire bill does finally settle (so far as the Court passing it can do so) a disputed right of the parties. It is true that demurrers are no favorites of Courts of equity, nor are they often resorted to, but it is the undoubted privilege of a defendant in an equity suit to demur to the bill. By so doing he challenges and denies, either the jurisdiction of the Court, or that the bill, on its face, states any case which the defendant can be lawfully required to answer, or otherwise notice or defend. He says in fact to the complainant you have no right to bring me into a Court of equity upon this case. If the demurrer be sustained, the complainant is out of Court, and it is conceded he can then appeal, for by such action the right to proceed with his case is finally settled against him, and in favor of the defendant. So if the demurrer be overruled the Court by its order to that effect determines and settles in favor of the complainant and against the defendant, the disputed right of the former to proceed in equity upon the case made on the bill, and it seems to us not only convenient, but most important for both parties that such a question should be finally settled *in limine,* and by an appeal if necessary, before the costs and expenses of a long litigation have been incurred. An order settling either way a right so important as this does not, in our judgment fall within the class of mere interlocutory orders which can only be reviewed upon appeal from the final decree in the cause. Nor do we fear or anticipate that by allowing appeals from such orders, the privilege will be abused to the prejudice of suitors or the delay of justice. It has not been so in the past, although the appeal has been entertained and acted on by the appellate Court, in every case where one has been taken from such an order. And even if we were now inclined to put a different construction upon the statute and deny the right of appeal in such cases we should find ourselves embarrassed if not precluded from so doing by the strong and numerous precedents in favor of the right." *Alexander's Ch. Pr.,* 183; *Wolf* v. *Wolf,* 2 H. & G. 382; *Wilson* v. *Wilson,* 23 Md. 162; *Kunkle* v. *Markell,* 26 Md. 390; *Bank* v. *Fowler,* 42 Md. 393; *Trego* v. *Skinner,* 42 Md. 426. The motion to dismiss must therefore be overruled.

We now come to the second point in the case viz: The sufficiency of the averments in the complainant's bill. The bill recites the proceedings whereby the appellant Wm. A. Darcey became the tenant in common together with the appellees, of the property in question; and the mortgage from Edward E. Darcey and his second wife to Eliza J. Andrews (which mortgage was placed on the property before the title of the said Edward E. Darcey thereto had been in any way assailed); alleges that the mortgagee acquired a title which could not be successfully attacked; that interest on said mortgage was paid by the appellee Mary Ellen Bayne and that she obtained a tax deed to said property; that the mortgage was foreclosed and the property sold, was conveyed to Wm. A. Darcey; and that because he was co-tenant at the time of said sale each of his co-tenants is by law entitled and bound to contribute his or her proportionate share of the purchase price with interest, and that upon payment of same each of them should be declared to own an undivided one-third interest in said property. The complainants in their bill neither allege that they had tendered to Wm. A. Darcey their proportion of the purchase money, not offered to do so but pray a sale of the property as if this were an ordinary suit for partition.

To this bill the defendants filed a general demurrer. The exact language of the section of the bill of complaint (sec. 5), is as follows, "The mortgage having been an encumbrance upon the land it became the duty of the four heirs at law of the said Mary A. Darcey to redeem the same as between themselves by equal payments. And the complainants aver that they are entitled to have the deed from Phil. H. Tuck, attorney to Wm. A. Darcey, declared to be a constructive trust for the use of those who now by law are entitled, and bound by law to contribute his or her proportionate share of the purchase money with interest, and that upon payment of same to be decreed to own an one-third interest in said property." In this averment it is apparent that the appellees here invoke the doctrine that one co-tenant cannot purchase an

outstanding title or encumbrance affecting the common estate for his exclusive benefit and assert such right against the other co-tenants, but sueh purchase will enure to the benefit of them all, the purchaser being bound to accept contribution from a co-tenant, if he elects within a reasonable time from the purchase, to share in same and to pay his proportionate share of the purchase price. But this bill nowhere alleges contribution of or offer to contribute the appellees' share ot the purchase price, and in the event of any heir failing to contribute his or her share they pray a sale. Now the doctrine of contribution here invoked rests upon the principle, that where parties stand *aequali jure* equality of burthen becomes equity, 4 *Kent's Com.*, 370, and in a note the same learned author says one tenant in common before partition cannot purchase in an outstanding title or encumbrance on the joint estate for his exclusive benefit and use it against his co-tenants. The purchase enures in equity to their common benefit and the purchaser is entitled to contribution. The principle rests upon the privity of the parties, and the fidelity and good faith which the connection implies. But all the authorities agree that this is a privilege or option, and not an obligation, and one which must be exercised within a reasonable time by a co-tenant, otherwise be deemed to have repudiated the transaction, and abandoned its benefits. In their bill the appellees base their claim not upon the privilege accompained with an offer, but solely upon the legal right asserted at any time, and not with a tender to contribute. *Freeman on Co-tenancy and Partition* (2 ed.), pp. 154–6; *Turner v. Sawyer*, 150 U. S. 578; *McPheelers v. Wright*, 124 Ind. 560; *Venable v. Beauchart*, 3 Danna, 321; *Rothweel v. Dewees*, 2 Black (U. S.) 613.

A quotation from the decision in *Van Horne v. Fonda*, 5 Johnson, Ch. 409, which elaborates this principle, will give at length the reasons upon which this principle is founded.

In some cases, says Littleton (sec. 307) a release to one joint tenant shall aid the joint tenants to whom it was not madè as well as him to whom it was made. I will not say, however,

that one tenant in common may not, in any case, purchase in an outstanding title for his exclusive benefit. But when two devisees are in possession, under an imperfect title, derived from their common ancestor, there would seem, naturally and equitably, to arise an obligation between them, resulting from joint claim and community of interests, that one of them should not affect the claim, to the prejudice of the other. It is like an expense laid out upon a common subject by one of the owners, in which case all are entitled to the common benefit, on bearing a due proportion of the expense. It is not consistent with good faith, nor with the duty which the contention of the parties, as claimants of a common subject, created, that one of them should be able without the consent of the other, to buy in an outstanding title, and appropriate the whole subject to himself, and thus undermine, and oust his companion. It would be repugnant to a sense of refined and accurate justice. It would be immoral, because it would be against the reciprocal obligation to do nothing to the prejudice of each other's equal claim, which the relationship of the parties, as joint devisees created. Community of interests, produces a community of duty, and there is no real difference, on the ground of policy and justice, whether one co-tenant buys up an outstanding incumbrance, or an adverse title, to disseize and expel his co-tenant. It cannot be tolerated, when applied to a common subject, in which the parties had equal concern, and which created a mutual obligation, to deal candidly and benevolently with each other, and to cause no harm to their joint interest. I have no doubt therefore, that in a case like the present, and assuming what the evidence warrants us to assume, that the deed was taken by the defendant for trust purposes, that the purchase ought in equity, to enure for the common benefit, subject to an equal contribution to the expense.

It follows from what we have said that the order overruling the demurrer will be reversed and the cause remanded with the right to the appellees to amend their bill if they so desire in accordance with this opinion.

*Order reversed and the cause remanded
with costs to the appellants.*