# ROBERT PRITCHETT

## *vs.*

## STATE OF MARYLAND.

*Indictment—Wife Desertion and Non-Support—Separate Offenses—Appeal—Final Judgment.*

Code, art. 27, sec. 75, creates two separate and distinct offenses, one of wife' desertion and the other of non-support, and it is consequently proper to charge such offenses in separate counts of an indictment.

The offense of desertion is sufficiently comprehensive to include that of non-support, but the offense of non-support might exist without full desertion within the meaning of the statute.

An order imposing on one, convicted of wife desertion or non-support, an obligation to pay a certain sum weekly to the wife, as authorized by Code, art. 27, sec. 75, is a final judgment from which an appeal will lie, since such obligation is an alternative penalty or punishment to that of fine or imprisonment, or both, as first provided in the act, and no other punishment can thereafter be imposed on him unless he fails to comply with the terms of the order.

*Decided January 25th, 1922.*

Appeal from the Circuit Court for Dorchester County (BAILEY and DUER, JJ.).

Criminal proceeding against Robert Pritchett. From the judgment and sentence, defendant appeals. Affirmed.

The cause was argued before BOYD, C. J., BRISCOE, THOMAS, PATTISON, URNER, STOCKBRIDGE, ADKINS, and OFFUTT, JJ.

*Harrington, Harrington & Wallace,* and *V. Calvin Trice,* submitting on brief, for the appellant.

*Alexander Armstrong, Attorney General,* with whom were *Lindsay C. Spencer, Assistant Attorney General,* and *A. Stengle Marine, State's Attorney for Dorchester County,* on the brief, for the appellee.

PATTISON, J., delivered the opinion of the Court.

The appellant in this case is charged in the indictment with the violation of section 75, article 27, of the Code of Public General Laws of this State.

The indictment contains two counts. It is alleged in the first that the defendant "did, without just cause, desert his wife, Agnes Pritchett," and in the second it is alleged that "he wilfully neglected to provide for the support and maintenance of his wife."

A demurrer to the indictment was filed and overruled. The case was then tried by a jury, and a verdict of guilty was rendered.

The statute, section 75, article 27, of the Code, under which the defendant was tried and convicted, provides that:

"Any person who shall without just cause desert or willfully neglect to provide for the support and maintenance of his wife or minor child shall be deemed guilty of a misdemeanor, and upon conviction in any court of the State having criminal jurisdiction shall be punished by a fine not exceeding one hundred dollars, or imprisonment in the Maryland house of correction for not more than one year, or both, in the discretion of the court. The fine may be directed by the court to be paid in whole or in part to the wife; provided, that before the trial, with the consent of the defendant, or after conviction, instead of imposing the punishment hereinbefore provided, or in addition thereto, the court in its discretion, having regard to the circumstances and financial ability of the defendant, shall have the power to pass an

order which shall be subject to change by it from time
to time, as the circumstances may require, directing
the defendant to pay a certain sum weekly for the
space of one year to the wife, and to release the de-
fendant from custody on probation for the space of
one year upon his entering into a recognizance in
such sum as the court shall direct, with or without
sureties.   The condition of .the recognizance shall be
such that if the defendant shall make his personal
appearance at the court whenever ordered so to do
within the year, and shall further comply with the
terms of the order, or of any subsequent modifica-
tion thereof, then the recognizance shall be void, oth-
erwise of full force and effect.   If the court be satis-
fied by information and due proof under oath, at any
time during the year, that the defendant has violated
the terms of such order, it may forthwith proceed to
the trial of the defendant under the original indict-
ment, or sentence him under the original conviction,
as the case may be."

Instead of imposing the first mentioned punishment pro-
vided by the act, consisting of a fine or imprisonment in the
house of correction for not more than one year, or both fine
and imprisonment, the court, in pursuance of the power con-
ferred upon it by said section, passed its order, requiring the
defendant to pay weekly to his wife a certain sum, therein
stated, for the space of one year, and ordered the release of
the defendant from custody on probation for said time upon
his entering into a recognizance in the sum of five hundred
dollars for his personal appearance at the court whenever
ordered so to do within the year, and to comply with the
terms of the order, or any subsequent modification of such
order.

The court treated its action in passing said order, requir-
ing the defendant to pay said sum weekly to his wife, as the
sentence or judgment of the court, as disclosed by the docket
entries in the case, and it was from that order or judgment
of court that the appeal in this case was taken.

The demurrer is to the whole indictment, and is based upon the contention that as the statute creates but one offence, as claimed, the charge should have been embraced in one count, by substituting the word "and" for "or," thereby charging that the defendant "did without just cause desert *and* wilfully neglect to provide for the support and maintenance of his wife or minor child."

In support of this contention the appellant cites the case of *Stearns* v. *State,* 81 Md. 341. In that case Stearns, the appellant, was charged with the violation of the Act of 1894, chapter 232. That act made it

"Unlawful for any person or persons or association of persons to gamble or make books and pools on the result of any trotting race or running race of horses or race of any kind, or to establish, keep, rent or use, or knowingly suffer to be used or occupied, any house, building or portion of a building, vessel or place, on land or water, for the purpose of making or selling therein any book or pool, or of otherwise betting therein or thereon, upon the result of any trotting race or running race of horses or race of any kind."

The indictment or information in that case contained five counts. In the third count the defendant was charged with "unlawfully keeping in Anne Arundel County a certain place, to wit: a house for the purpose of *making or selling* therein *books* or *pools* or *betting* therein on the result of certain trotting races or running races on the same race track." We need not set out the other counts of the indictment.

The ground of the demurrer to the third count of the indictment or information, which demurrer was overruled by the court below but sustained by this Court upon appeal, was duplicity caused by the use of the disjunctive conjunction "or," alternatively charging several distinct offences.

This Court there said, quoting from *Bishop on Criminal Procedure*:

"If a statute makes it a crime to do this or that or that, mentioning several things disjunctively, all may indeed, in

general, be charged in a single count, but it must use the conjunctive "and" where "or" occurs in the statute, else it will be defective as being uncertain. Therefore an indictment upon a statute of this kind may allege in a single count that the defendant did as many of the forbidden things as the pleader chooses, employing the conjunction "and" where the statute has "or" and it will not be double, and it will be established at the trial by proof of any one of them."

But the court further said:

"The pleader could have inserted separate counts charging the several offences, and the party would have been convicted if warranted by the proof of either offence."

It will be seen that the Court, in *Stearns* v. *State, supra,* held that the statute there involved created separate offences, connected by the disjunctive conjunction "or," and that separate counts charging the defendant with the several offences could have been inserted in the indictment against him, or, by the substitution of "and" for "or," the several offences could have been properly charged in one count, but the indictment, in which the several offences were alternatively stated, by the use of the conjunction "or" in the same count, was held to be bad.

In this case, as in that case, the statute created two separate and distinct offences, one of *desertion* and the other of *non-support,* connected by the disjunctive conjunction "or," and they were properly charged in separate counts of the indictment. The offence of desertion is sufficiently comprehensive to include the offence of non-support, but the offence of non-support might exist without full desertion within the meaning of the statute (*Carr* v. *Carr,* 6 Ind. App. 377; *Proudlove* v. *Proudlove* (N. J. Ch.), 46 Atl. 951; *Howell* v. *Howell,* 64 N. J. Eq. 191); and from the language used the legislature, in our opinion, intended to make such distinction.

A motion to dismiss the appeal has been filed in this case, because, as stated therein, there is no final judgment from which an appeal will lie.

The case of *Symington* v. *State,* 133 Md. 452, is chiefly relied upon in support of the motion. In that case the defendants were convicted in the Circuit Court for Baltimore County upon an indictment drawn under chapter 22, Acts of 1892, codified as section 294, article 27 of the Code (3rd vol.). The court suspended sentence and paroled each of them in the custody of his father, under the general provisions of the Code, section 520, article 27. From that action of the court an appeal was taken. There this Court said: "In this case the suspension of sentence, which relieved the appellants from the penalty prescribed by the act, was in legal effect and meaning the suspension of judgment, and where there is no sentence or judgment pronounced, no appeal will lie. *Fleet* v. *State,* 73 Md. (unreported); *State* v. *Brewer,* 59 Atl. 31."

The reasons stated by this Court for dismissing the appeal in the Symington case do not apply to this case, and the motion to dismiss this appeal should not prevail.

Under the statute involved in the case before us, the punishment first provided therein to be imposed upon one convicted of the violation of its provisions, is a fine not exceeding one hundred dollars or imprisonment in the Maryland House of Correction for not more than one year, or both in the discretion of the court; but the statute thereafter provides that the court, after conviction of the defendant, instead of imposing the punishment first provided for, or in addition thereto, may in its discretion pass an order requiring and directing the defendant to pay a certain sum weekly for the space of one year to his wife, and to release the defendant from custody on probation for the space of one year upon his entering into a recognizance in such sum as the court may direct, with or without sureties, and it is only upon his failure to comply with the terms of the order that the court can thereafter sentence him under such conviction. In all other respects the order of the court requiring him to pay said money to his wife is a final order or judgment of the court.

The obligation imposed upon the defendant, by the order of the court, to pay to his wife a certain sum of money weekly for the space of one year, instead of the imposition of a fine or imprisonment, or both, as first provided by the act, is in the nature of an alternative penalty or punishment, and it could hardly be said, with such obligation imposed upon the defendant, that there had been a suspension of sentence, as in the Symington case, and it would be going very far, we think, to hold that the defendant had no right of appeal from the order or judgment of the court, imposing upon him such pecuniary obligation on the ground that it was not a final judgment, when no other punishment could thereafter have been imposed upon him, unless he had failed to comply with the terms of the order.

As we find no error in the ruling of the court below, the judgment appealed from will be affirmed.

*Judgment affirmed, with costs.*