ERNEST C. COLLINS ET AL. *v.* CAMBRIDGE MARYLAND HOSPITAL, INC., ET AL.

[No. 31, October Term, 1929.]

*Decided January 8th, 1930.*

The cause was argued before BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*T. Alan Goldsborough,* with whom was *W. Brewster Deen* on the brief, for the appellants.

*T. Hughlett Henry,* with whom were *J. Owen Knotts* and *Henry & Henry* on the brief, for the appellees.

BOND, C. J., delivered the opinion of the Court.

The appellants are caveators of a will of Sallie A. Williams, late of Caroline County, and on this appeal they contest the propriety of orders of the Orphans' Court for that county which overruled an objection to its jurisdiction to determine the standing of the appellees to be admitted as caveatees. The residuary estate of the decedent was by the will in question bequeathed to the "United Charities Hospital of Dorchester County, located at Cambridge, Maryland," and the "Home for the Aged, located at Easton, Maryland". And the Cambridge, Maryland, Hospital, Inc., one of the appellees, in its petition to be permitted to intervene as a caveatee, alleged that at the time of the execution of the will its corporate title was "United Charities Hospital Association, of Dorchester County," and that under its present, amended name it is the same corporation as that first named or intended as residuary legatee. The Home for Aged Women of Talbot and Caroline Counties, State of Maryland, the other appellee, alleged in its petition for the same purpose that it was located at Easton, Maryland, and is the corporation referred to and intended in the will as residuary

legatee under the name and description of " 'Home for the Aged,' located at Easton, Maryland". Orders were passed making the two corporations caveatees and permitting them to file answers. The appellants, the caveators, then filed a petition praying that these orders be rescinded and that the answers be not received, because those corporations were not the beneficiaries intended; and filed a further paper, in the nature of a plea to the jurisdiction of the court, denying power in an orphans' court to determine whether such intervening corporations were parties in interest who could properly be admitted as caveatees, because such a determination would involve a construction of the will and ascertainment of the intention of the testator in its clauses. Upon this second petition by the caveators the court rescinded its previous orders complained of, received answers by the corporations to that petition, held a hearing, and by a further order overruled the objection to its jurisdiction. From that order the appeal is taken. And the question argued is solely that of the jurisdiction of the orphans' court to determine whether the corporations are those intended in the will, and so parties in interest to contest a caveat. And this court concurs in the conclusion of the orphans' court that it had that jurisdiction.

While it is true that no power has been conferred upon orphans' courts, in terms, to construe wills, and they have been forbidden by statute to exercise under pretext of incidental power or constructive authority any jurisdiction not expressly conferred by law (Code, art. 93, sec. 271), it has been recognized by this court that construction of wills is sometimes involved in the exercise of powers expressly conferred. *Miller, Construction of Wills,* sec. 5. "To say generally that it (an orphans' court) possesses no power to construe wills," said the court in *Hagerstown Trust Co., Executor,* 119 Md. 224, 232, "would be to deny it the power to approve an account of an executor by which payments of legacies were made, and force the estate of every person who was so unfortunate as to leave a will to the double expense of

administration in the orphans' court, and then being taken into an equity court for a construction of a will and a payment of the legacies contained therein." And see *Hoffar v. Stonestreet*, 6 Md. 303, 304; *Watkins v. Bevans*, 6 Md. 489, 494; *Redwood v. Howison*, 129 Md. 577, 592; and *Johns Hopkins University v. Uhrig*, 145 Md. 114. The jurisdiction to approve an account of distribution was held to be in part a jurisdiction to ascertain from the will who the legatees were. And we think the jurisdiction expressly conferred upon the court to decide caveats, and to direct plenary proceedings for their decision, admitting to the contest parties in interest on each side, involves, with equal clearness, a power to ascertain who are the parties in interest under the will, as here.

The orphans courts are expressly given power to decide caveats. Code, art. 93, sec. 356. And they are expressly given power to direct plenary proceedings, with parties in interest appearing on each side, to decide controversies before them, and in such proceedings to direct issues to be made up and sent to courts of law for decision. Code, art. 93, secs. 263 and 264; *Pleasants v. McKenny*, 109 Md. 277, 291. And in this case the caveators accordingly prayed in their original petition that process might issue against all persons lawfully interested in the will, commanding them to appear and answer, and that issues might be sent to a court of law for trial. That the exercise by the court of the power so invoked must involve determining who are those persons lawfully interested in the will, may, we think, be more clearly recognized if we suppose that the two corporations named had been the only legatees, and therefore the only persons to appear and answer. We have been unable to agree in the view that existence of the jurisdiction must depend upon the degree of difficulty in identifying the legatees named or described.

The appeal from the decision of this question has, however, been taken prematurely, and must be dismissed. While it is true that parties deeming themselves aggrieved have been

given a right of appeal to this court from all orders and decisions by the orphans' court (Code, art. 5, sec. 64), it has always been recognized that the meaning of the statute must be that the appeals shall be taken only from final orders or decisions, those actually settling rights of the parties. *Nally v. Long,* 56 Md. 567, 571, and see *Snowden v. Dorsey,* 6 H. & J. 114; *Elliott, Appellate Procedure,* sec. 80; Code, art. 93, sec. 265. An order determining in the affirmative only the question of jurisdiction in the court to hear the controversy and thereafter decide whether persons applying shall be made parties, is not such a final order. *Rowe Co. v. Rowe,* 154 Md. 599, 604.

*Appeal dismissed.*