WILLIAM H. HARLAN *v*. JOHN L. G. LEE, TRUSTEE

[No. 50, October Term, 1939.]

*Decided December 13th, 1939.*

The cause was argued before BOND, C. J., OFFUTT, PARKE, SLOAN, SHEHAN, JOHNSON, and DELAPLAINE, JJ.

*William H. Harlan,* for the appellant.

*John L. G. Lee, for the appellee.*

SHEHAN, J., delivered the opinion of the Court.

This is an appeal from an order of the Circuit Court for Harford County overruling a demurrer to the whole bill of complaint filed by John L. G. Lee, trustee, appointed by a decree under a creditors' bill, for the sale of certain property of Caroline W. Harrison, deceased. His power and authority, under the trust, was limited to the sale of the property for the benefit of creditors. The property had been conveyed by Wm. H. Harlan and wife to the said Caroline W. Harrison, in fee simple, with the reservation to the said grantors, and their heirs and assigns, of the use at all times of "Choice Street," as designated on the plat mentioned in the deed. John L. G. Lee, as trustee, filed a bill of complaint against Wm. H. Harlan, in which he charged that Harlan was interfering with and obstructing the sale of the property by wrongfully claiming, without any foundation in law or fact, certain rights and interest in a part of the property which the said appellee had acquired by virtue of his trusteeship, and that the appellant had notified certain prospective purchasers that he would not allow them to use the said "Choice Street," and threatened litigation if they undertook to do so. That the action of the said Wm. H. Harlan, based on his illegal and wrongful claim of title, was causing irreparable damage and loss to the said trust estate by reason of his said wrongful claim. And the said trustee prayed that a decree be passed to the effect that Wm. H. Harlan had no rights in "Choice Street" other than an easement to pass over it, it being a street of the Town of Bel Air; and that an injunction be granted prohibiting and restraining the said Harlan from making the claim that he had an exclusive easement in the street and so could prohibit any person from using or passing over it, and for other relief. The demurrer was filed to the whole bill of complaint and, the chancellor having overruled this demurrer, the defendant appealed.

The appellant contends that under the facts, as stated in the bill, the appellee is not entitled to relief in equity, for on its face the bill discloses that the trustee was only

appointed to sell the property and has no such title to the land, referred to in the case, as gives him any standing in a court of equity, and finally that the proceedings disclose that an issue exists as to title of the real property and this court of equity has no jurisdiction to entertain the bill, and the matter should be determined at law. The chancellor took the contrary view and overruled the demurrer to the entire, or whole, bill.

The first question presented by the pleadings, and urged in the arguments at bar, is that the appeal is not from a final order disposing of the material rights of the parties, and therefore should be dismissed; but this question seems to have been decided in the case of *Chappell v. Funk,* 57 Md. 465. Judge Miller, in delivering the opinion of the court, stated that appeals were allowed " 'from any final decree, or order in the nature of a final decree,' and it is well settled, that an order of the latter character, to admit of an appeal, must be one which finally settles some disputed right or interest of the parties. *Dillon v. Insurance Co.,* 44 Md. 395."

It was the opinion of the court that an order overruling the demurrer to the entire bill does finally settle (so far as the court passing it can do so) a disputed right of the parties, and the court stated that, "It is true that demurrers are no favorites of courts of equity, nor are they often resorted to, but it is the undoubted privilege of a defendant in an equity suit to demur to the bill. By so doing he challenges and denies, either the jurisdiction of the court, or that the bill, on its face, states any case which the defendant can be lawfully required to answer, or otherwise notice or defend. He says, in fact, to the complainant, you have no right to bring me into a court of equity upon this case. If the demurrer be sustained, the complainant is out of court, and it is conceded he can then appeal, for by such action the right to proceed with his case is finally settled against him, and in favor of the defendant. So if the demurrer be overruled, the court by its order to that effect determines and settles, in favor of the complainant and against the defendant, the dis-

puted right of the former to proceed in equity upon the case made by his bill, and it seems to us not only convenient, but most important for both parties, that such a question should be finally settled *in limine,* and by appeal if necessary,- before the costs and expenses of a long litigation have been incurred. .An order settling either way a right so important as this does not, in our judgment, fall within the class of mere interlocutory orders which can only be reviewed upon appeal from the final decree in the cause."

It must follow from this statement of the law that the appeal in' this case should not be dismissed, and the motion to that effect should be overruled. See also *Hecht v. Colquhoun,* 57 Md. 563, where this question was in like manner decided. *Noel v. Noel,* 173 Md. 152, 157, 195 A. 315; *Darcey v. Bayne,* 105 Md. 365, 367, 66 A. 434.

The other questions presented in the brief, and urged in the argument, are first, that the appellee, being merely a trustee, appointed by a decree in a creditors' suit, to sell certain property, has no title in, or possession of, the land in question, and consequently does not possess the right to bring this suit, second, that an issue exists in this case with respect to title to real property, and a court of equity has no jurisdiction to entertain the bill. This question must be determined in a suit at law.

Considering these questions in their order we must first examine the powers and duties of trustees appointed by courts of equity for the sole purpose of selling property for the benefit of creditors and distributing the proceeds thereof to such as are entitled according to their references and priorities. A trustee in this respect cannot be held as more than the agent of the court, under the authority delegated to him to sell the property in question. He has no personal, ownership in .the property and no title to it. His duties are distinguishable from those of a conventional trustee. In *Williams v. Fidelity & Deposit Co.,* 121 Md. 222, 225, 88 A. 119, the court laid down the principle that the sale is a transaction between the court and the purchaser, and the trustee is merely the court's

agent to carry its decree into effect, but the trustee has no title, by virtue of his office, to the property decreed to be sold, and no interest in the proceeds of such sale, (*Miller's Equity Procedure,* 430), and this being the case he has no authority to sue with respect to the title to the property, or in regard to the proceeds of the sale. He cannot object to the ratification of an audit distributing the proceeds, nor institute a suit where the title is in question because he has no interest in either. All of these questions are at length discussed in the above case, supported by numerous authorities, and it must necessarily follow that the trustee in this case has no right to institute this suit for an injunction, or for an adjudication of the true ownership of the title to the lands in question. The trustee's lack of interest or title to the lands, or in the proceeds thereof, and his powers and responsibilities, are well illustrated in the case of *Lurman & Fowler v. Hubner,* 175 Md. 268, 23 A. 646, where it was held, among other things, that the trustee having no interest in the lands, or proceeds of sale, and because the parties interested were the owners of the land, and the purchasers at the sale, such trustee could not appeal from an order overruling or sustaining exceptions to an audit distributing the funds in his hands. He seems to be devoid of any power except that of executing the court's decree. It follows that the appellee had no right to institute the proceedings which are before us for review, and on this ground the decree of the chancellor should be reversed. It is unnecessary, therefore, to pass upon the other question involved, namely, the contention that the title to the property is involved and only a court of law can deal with that issue.

From what we have said it follows that the decree in this case must be reversed.

*Decree reversed, with costs.*