# BOB JOE WARREN AND MICHAEL THOMAS DOYLE v. STATE OF MARYLAND

[No. 156, September Term, 1976.]

*Decided October 6, 1977.*

The cause was argued before MURPHY, C. J., and SINGLEY, SMITH, DIGGES, LEVINE, ELDRIDGE and ORTH, JJ.

*Barry J. Renbaum, Assistant Public Defender,* with whom was *Alan H. Murrell, Public Defender,* on the brief, for appellants.

*Kathleen M. Sweeney, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General,* and *Clarence W. Sharp, Assistant Attorney General,* on the brief, for appellee.

LEVINE, J., delivered the opinion of the Court. ELDRIDGE, J., dissents and filed a dissenting opinion at page 189 *infra.*

The sole issue presented in this case is whether an order for probation without judgment, entered pursuant to Maryland Code (1957, 1976 Repl. Vol.) Art. 27, § 292 (b), is a disposition from which an appeal may be taken by the defendant. The Circuit Court for Worcester County (Prettyman, J.) held that such an appeal would not lie. We

then granted certiorari and for reasons that follow, we affirm.

Appellants, Bob Joe Warren and Michael T. Doyle, were tried in the District Court of Maryland, Worcester County, on charges of petty larceny and possession of marihuana. The court found them not guilty of larceny, but guilty of possession. Pursuant to § 292 (b),[1] which provides that the court "may, with the consent of [the defendant] stay the entering of the judgment of guilt, defer further proceedings,

---

1. In its entirety, Maryland Code (1957, 1976 Repl. Vol.) Art. 27, § 292 (b) provides:

"Whenever any person who has not previously been convicted of any offense under this subheading [the Maryland Controlled Dangerous Substances Act, Code (1957, 1976 Repl. Vol.) Art. 27, §§ 276-302] or under any prior law of this State or the laws of the United States or of any other state relating to controlled dangerous substances defined in this subheading, pleads guilty to or is found guilty of any of the offenses specified in this subheading, the court, if satisfied that the best interests of the person and the welfare of the people of this State would be served thereby may, with the consent of such person stay the entering of the judgment of guilt, defer further proceedings, and place such person on probation subject to such reasonable terms and conditions as may be appropriate and may in addition require that such person undergo inpatient or outpatient treatment for drug abuse. Upon violation of a term or condition, the court may enter a judgment of conviction and proceed as otherwise provided. Upon fulfillment of the terms and conditions, the court shall discharge such person and dismiss the proceedings against him. Discharge and dismissal under this section shall be without a judgment of conviction and shall not be deemed a conviction for purposes of disqualifications or disabilities imposed by the law upon conviction of a crime including the additional penalties imposed for second or subsequent convictions under § 293 of this subheading. Discharge and dismissal under this section may occur only once with respect to any person and in addition any public criminal record in any such case shall be expunged upon the satisfactory completion of any such period of probation. Any expunged arrest and/or conviction shall not thereafter be regarded as an arrest or conviction for purposes of employment, civil rights, or any statute or regulation or license or questionnaire or any other public or private purpose, provided that any such conviction shall continue to constitute an offense for purposes of this subheading or any other criminal statute under which the existence of a prior conviction is relevant."

An order for probation under Art. 27, § 641, which has general application, is similar to an order under § 292 in that the court "stay[s] the entering of judgment, defer[s] further proceedings, and place[s] the person on probation subject to reasonable terms." Like § 292, § 641 provides for discharge of the accused after probation, but unlike § 292, § 641 does not provide for dismissal upon successful completion of probation. Nor does § 641 provide for automatic expungement. The views we express here are, of course, limited to § 292.

and place [the defendant] on probation," the District Court withheld the entry of judgment and signed identical orders placing each appellant on supervised probation for one year. Both appellants consented in writing to the entry of the orders, but then noted a timely appeal to the circuit court. The State promptly moved to dismiss the appeal on the ground that "a probation before sentence verdict, voluntarily consented to, results in no conviction or judgment and that no appeal will lie." In dismissing the appeal, the court apparently took the view that a sentence must be imposed if a disposition is to constitute an appealable "final judgment." In the view which we take of this case, it is unnecessary to rest our decision on this ground.

### (1)

Our analysis begins with the observation that appellate jurisdiction in both civil and criminal causes is dependent upon a statutory grant of power. *Lohss and Sprenkle v. State,* 272 Md. 113, 116, 321 A. 2d 534 (1974). The provision with which we are concerned here is Code (1974, 1976 Cum. Supp.), § 12-401 (a) of the Courts and Judicial Proceedings Article, which governs appeals from the District Court and provides:

> "A party in a civil case or the defendant in a criminal case may appeal from a final judgment entered in the District Court. . . . In a criminal case, the defendant may appeal even though imposition or execution of sentence has been suspended."

The issue, then, is whether an order for probation without entry of judgment is a "final judgment" within the contemplation of the statute.

At the outset, we note that § 12-101 (f) of the Courts and Judicial Proceedings Article defines "final judgment" to mean:

> ". . . a judgment, decree, sentence, order, determination, decision, or other action by a court,

including an orphans' court, from which an appeal, application for leave to appeal, or petition for certiorari may be taken."

This section, however, does not attempt to specify what is an appealable final judgment or order, and leaves that determination to the case law. *Wright v. Nugent,* 23 Md. App. 337, 356, 328 A. 2d 362 (1974), *aff'd per curiam,* 275 Md. 290, 338 A. 2d 898 (1975).

From our prior decisions, it is evident that the rule in Maryland has traditionally prohibited piecemeal disposition of litigation and, subject to exceptions not relevant here, has permitted appeals only from final judgments. As early as 1835, this Court referred to the "well established rule" that no appeal can be prosecuted "until a decision has been had in the Court below, which is so far final, as to settle, and conclude the rights of the party involved in the action, or denying to the party the means of further prosecuting or defending the suit." *Boteler & Belt v. State,* 7 G. & J. 109, 112-13 (1835); *accord, United States Fire Ins. v. Schwartz,* 280 Md. 518, 521, 374 A. 2d 896 (1977); *In re Buckler Trusts,* 144 Md. 424, 427, 125 A. 177 (1924). Otherwise stated, to be final a judgment must actually settle the rights of the parties, *Collins v. Cambridge Hospital,* 158 Md. 112, 116, 148 A. 114 (1930), or it must finally settle some disputed right or interest of the parties, *Harlan v. Lee,* 177 Md. 437, 439, 9 A. 2d 839 (1939).

In addition to arguing that they met these standards, appellants draw upon a test enunciated for the Supreme Court by Mr. Justice Black in *Korematsu v. United States,* 319 U. S. 432, 435, 63 S. Ct. 1124, 87 L. Ed. 1497 (1943). There, the Court stated that a judgment is final when it terminates the litigation on the merits and leaves nothing to be done but to enforce by execution what has been determined. Applying this test, the Court held that an order of the District Court suspending the imposition of sentence and placing the defendant on probation after he had been found guilty was an appealable final judgment.

Appellants contend that here the orders of the District Court constituted final judgments within the traditional

meaning of the rule. Thus, they had a full trial on the merits in the District Court, in which they presented and exhausted all of their defenses, and then they were found guilty. Consequently, their right to be free from a finding of guilt has been finally settled. Nor, they argue, will an appeal afford them an opportunity to delay the trial by protracting the litigation. In their view, all that remains to be done is to enforce the probation order, for should the court ever determine that they violated probation, its entry of judgment at that time will be a mere formality.

To support their contention, appellants also rely heavily on an English case, *Oaten v. Auty*, [1919] 2 K. B. 278, which we discussed in *Skinker v. State*, 239 Md. 234, 239 n.2, 210 A. 2d 716 (1965). There the defendant failed to appear for military service, apparently under claim of exemption as a minister of a religious denomination. The trial court was of the opinion that the offense was proved, but believed it inexpedient to inflict any punishment, and therefore dismissed the information. On appeal, five justices, each writing separately, believed the lower court's action to have been an appealable "determination" within the meaning of the applicable statute. The logic which seemed to persuade the justices to hold the determination appealable was perhaps best expressed by Justice Darling:

> "If this appellant cannot appeal a grave injustice might be done. . . . As far as we know he is a man of high character and position in [the Spiritualists], and it is found against him that he is a man who will not do his duty by his country. . . . [I]t is said [the trial justices] have taken a course which prevents the appellant appealing and getting rid of the stigma put upon him. If the stigma has been unjustly put upon him it is not surprising that he desires to come here to get the finding altered . . . ."
> 2 K. B. at 282-83.

Thus, appellants argue here that a grave injustice may be done if they cannot appeal at this time, since their only remaining option to secure review would be to violate

probation in the expectation that the court would enter judgment and impose sentence, thereby ensuring finality.

Although these arguments have great force, they ignore the legislative intention, which we find clear from the controlling statutes, that § 292 (b) orders for probation without judgment are not to be final judgments within the meaning of the traditional rule. First, § 12-401 (a) expressly provides that appeal lies only from final judgments "entered" by the District Court. Section 292 (b), however, by its very terms, stays the entry of judgment upon the finding of guilt. As a consequence, even assuming arguendo that the determination of guilt is a "final judgment" for purposes of § 12-401, that judgment is not entered in a § 292 (b) disposition and is thus not appealable.

Moreover, in our view it is not the finding of guilt, but rather a subsequent event — either the successful completion of the probationary period or the revocation of probation — which actually settles the rights of the parties. If, on the one hand, appellants serve their probationary period and are discharged, the proceedings against them will be dismissed without a judgment of conviction — a disposition which they cannot appeal. *Cf. Lohss and Sprenkle v. State*, 272 Md. at 119 (State may not appeal dismissal which it sought or to which it consented). Thereafter, all public criminal records are expunged automatically, and the arrest and conviction may not be so regarded "for purposes of employment, civil rights, or any statute or regulation or license or questionnaire or any other public or private purpose." [2] Nor is discharge under § 292 (b) deemed a conviction for purposes of the disqualifications or disabilities imposed by law upon conviction of a crime. In short, successful completion of probation erases the stigma

---

2. There is one exception: a "conviction" under § 292 (b) continues to constitute an offense for those purposes of the Maryland Controlled Dangerous Substances Act, Code (1957, 1976 Repl. Vol.) Art. 27, §§ 276-302 and of other criminal statutes "under which the existence of a prior conviction is relevant." Art. 27, § 292 (b). As a corollary to this exception, discharge and dismissal under § 292 (b) "may occur only once with respect to any person." *Id.* On the other hand, discharge and dismissal under this section is not a conviction for purposes of imposing additional penalties for second or subsequent offenders under Art. 27, § 293.

of criminal conviction, except for those who later violate the law again. *See also State v. Jacob,* 234 Md. 452, 455, 199 A. 2d 803 (1964).

On the other hand, § 292 (b) expressly provides that when the defendant violates a condition of probation, the court then "may enter a judgment of conviction and proceed as otherwise provided." Since such a disposition finally settles the defendant's guilt, as in an ordinary proceeding, he would then be entitled to appeal. At that time, of course, the defendant would be permitted to challenge any determination made at the original District Court trial, since he would have been afforded no prior opportunity to do so. *Cf. Burch v. State,* 278 Md. 426, 431, 365 A. 2d 577 (1976) (where final judgment is entered upon conviction at original trial, any challenge to that determination must be brought at that time, not when appeal is taken from subsequent revocation of probation).

The result we reach here accords with decisions of the Supreme Courts of Delaware and Wisconsin. *Rash v. State,* 318 A. 2d 603, 605 (Del. 1974); *State v. Ryback,* 64 Wis. 2d 574, 219 N.W.2d 263, 267 (1974). In each instance, the court was confronted with the identical question presented here in the context of a statute which, like § 292 (b), was derived from § 407 of the Uniform Controlled Substances Act. We hold, therefore, that an order for probation without entry of judgment pursuant to Art. 27, § 292 (b) is not a "final judgment entered" in the district court.

(2).

Appellants advance an alternative contention based on a statutory modification of the traditional final judgment rule. The essence of their argument is that an order for probation under § 292 (b), even if not a final judgment, is nonetheless appealable pursuant to § 12-401 (a), which provides that "[i]n a criminal case, the defendant may appeal even though imposition or execution of sentence has been suspended." We do not find this argument persuasive because, in our view, probation under § 292 (b) is quite different from a suspension of sentence.

The General Assembly first enacted the provision permitting appeal where imposition or execution of sentence has been suspended to overturn our holding in *Symington III v. State*, 133 Md. 452, 105 A. 541 (1919), that no appealable final judgment existed where the court suspended sentence. *Burch v. State*, 278 Md. at 430; *Hite v. State*, 198 Md. 602, 606-07, 84 A. 2d 899 (1951). Appellants reason that since a suspended sentence is appealable, even though it is not a final judgment, the Legislature has manifested an intention that determinations of guilt also should be reviewable immediately where entry of judgment is stayed pursuant to § 292 (b). This policy applies, according to appellants, whether a final judgment is lacking because sentence was suspended or because probation without entry of judgment was ordered pursuant to § 292 (b).

To bolster their argument, appellants contend that the Legislature could not have intended the consequences which would follow from a holding that § 292 (b) orders for probation are not appealable. As we indicated earlier, the corollary to such a holding — and the State conceded this at oral argument — is that the defendant may appeal the determination of guilt only when the court revokes probation and enters judgment. Since the probationary period may extend as long as five years, *see* Art. 27, § 641A, an appeal may be delayed until long after witnesses become unavailable or their memories of the events have faded; the problem may be particularly acute where, as here, appeal is by trial de novo.

As before, appellants' argument is not without force, but is advanced in the wrong forum. The statutory exception carved out from the final judgment rule for appeal following suspension of sentence is specific, and is limited solely to those situations where the sentence in the traditional sense of a fine or prison term is lacking. Missing here is an additional element, the entry of a judgment upon the finding of guilt. Nor is this merely a technical distinction, for though a suspended sentence avoids a fine or prison term, it is also the judgment upon the finding of guilt and the collateral effects of that judgment which the defendant

seeks to avoid.[3] Moreover, the General Assembly specifically required that the court obtain the defendant's consent to the staying of the entry of judgment, whereas it need not obtain his consent merely to suspend sentence. *Compare* Art. 27 § 641A *with* §§ 292 *and* 641.

These distinctions, we are confident, were apparent to the General Assembly when it considered this legislation.[4] Had it intended to authorize immediate appellate review of the dispositions imposed here, it could readily have amended § 12-401 (a) to permit appeals even though entry of judgment was stayed. The Legislature having rejected that course, our role is limited to effectuating its manifest intention. Consequently, we hold that an order for probation without entry of judgment does not fall within the suspended sentence exception to the final judgment rule.[5]

*Order of the Circuit Court for Worcester County affirmed.*

---

3. "In all but five states and the federal system, the deprivation of specified civil rights such as the right to vote, to hold public office or to serve on a jury, follows upon either the conviction of or imprisonment for certain crimes. In addition, the record of conviction can have serious collateral consequences, such as inviting disciplinary action within the defendant's occupation or profession. . . ." American Bar Association Project on Standards for Criminal Justice, Standards Relating to Probation § 4.3 (Tent. Draft 1970).

4. The Maryland Controlled Dangerous Substances Act, Art. 27, §§ 276-302, of which § 292 (b) is a part, is adapted from the Uniform Controlled Substances Act, which has now been enacted, albeit with substantial variations, in all but a handful of states. The model for § 292 (b) is § 407 of the uniform act, which provides in relevant part that "the court, without entering a judgment of guilt and with the consent of the accused, may defer further proceedings and place him on probation." We find it significant that the General Assembly altered the language to provide that the court may "stay the entering of the judgment of guilt." Moreover, the provision for expungement in § 292 (b) does not appear in the model act and was added by the General Assembly. *See* Ch. 403, Laws of 1970. These changes reflect the Legislature's careful consideration of this provision. It is therefore illogical to contend that the General Assembly intended to treat the stay of entry of judgment as equivalent to suspension of sentence.

5. In light of our holding, we need not consider the State's contention that appellants' consent, which is required by the statute, bars the appeal.

*Eldridge, J., dissenting:*

As a result of the trial court's proceedings in the instant case, the guilt of the defendants has been determined, and they have been subjected to a probation order, described by the Supreme Court as "an authorized mode of mild and ambulatory *punishment,* the probation intended as a reforming *discipline."* (Emphasis supplied.) *Korematsu v. United States,* 319 U. S. 432, 435, 63 S. Ct. 1124, 87 L.Ed.2d 1497 (1943).

The defendants desire appellate review of the proceedings which led to the imposition of this probation order, but the majority concludes that the rights of the defendants are not sufficiently "settled" to give the judgment the finality requisite for the purposes of appeal. The majority relies on the fact that *after* the defendants have undergone the punishment and discipline of the probation order for the required period of time, the proceedings against them will be dismissed without a "judgment of conviction," and on the fact that a violation of the terms of the order may result in an entry of a "judgment of conviction" and the imposition of still harsher penalties.

I fail to understand how these subsequent events to which the majority refers change the posture of this case with regard to the bringing of an appeal. Guilt has been determined and discipline imposed. To fasten upon the fact that the proceedings will be dismissed upon what the majority euphemistically refers to as "successful completion of probation" ignores the reality that the probation order itself restricts freedom and imposes discipline, and that "when discipline has been imposed, the defendant is entitled to review." *Korematsu v. United States, supra,* 319 U. S. at 434.

The test for finality relied upon by the majority is that set forth long ago by the Court in *Boteler & Belt v. State,* 7 G. & J. 109, 112-113 (1835):

"[N]o appeal can be prosecuted to this Court, until a decision has been had in the Court below, which is so far final, as to settle and conclude the rights of

> the party involved in the action, or denying to the party the means of further prosecuting or defending the suit."

And later (7 G. & J. at 113):

> "It is time enough for a party to apply to this Court for redress when it is ascertained that he is to be injured by the judgment of which he complains."

In the instant case, the entry of the order of probation has "settle[d] and conclude[d]" the matter of the defendants' guilt and whether a sanction should be imposed upon them. Instead of continuing to defend against the State's charges, the defendants must undergo the penalty of probation. At the present time, they are "injured by the judgment" of probation. Consequently, the standard for finality enunciated in *Boteler & Belt v. State, supra,* and in the subsequent decisions by this Court, is clearly met here. The determinations of guilt and the orders imposing the obligations and restrictions incident to probation constitute, within the meaning of Code (1974), § 12-401 of the Courts and Judicial Proceedings Article, "final judgments" from which appeals may be taken.

The majority also relies on what it perceives to be the legislative intention embodied in the language of controlling statutes. Section 12-401 (a) of the Courts and Judicial Proceedings Article provides that appeals only lie from final judgments *entered* in the District Court, while Code (1957, 1976 Cum. Supp.), Art. 27, § 292 (b) stays "the *entering* of the judgment of guilt." (Emphasis supplied.) The majority concludes that if this "entering of the judgment of guilt" has been stayed, there has been no judgment *entered* from which an appeal can be taken. This conclusion, however, ignores the fact that the order of probation, which is also a "final judgment," is duly *entered.*

An examination of the statutory scheme shows that the statutory language relied upon furnishes no basis for the majority's conclusion. The defendants were determined to have committed an act in violation of Code (1976 Repl. Vol.), Art. 27, § 287 (a). For such violation, § 287 (e) provides for

the imposition of a sentence of up to one year's imprisonment or a fine of up to $1,000, or both. The effect of Code (1976 Repl. Vol.), Art. 27, § 292 (b), is to authorize the staying of an entry of a judgment of guilt under § 287 (e), and, *instead,* enter a judgment under the terms of § 292 (b), providing for the lesser punishment of probation and, in some circumstances, treatment for drug abuse. Section 292 (b) merely provides for an *alternative* penalty or punishment. Under the terms of § 292 (b), if the probation order is violated, a judgment of guilt under § 287 may then be entered, but there can be no question that the probation order entered by the court, statutorily possible only upon a determination of guilt by the trial court, constitutes a judgment "entered" by the court.

An analogous statutory scheme was before this Court in *Pritchett v. State,* 140 Md. 310, 117 A. 763 (1922), and the Court held that an appeal would lie from the imposition of the lesser alternative penalty. That case involved an appeal from a conviction for non-support under then Art. 27, § 75. The statute provided in pertinent part that upon conviction of non-support, a defendant

> "shall be punished by a fine . . . or imprisonment . . . provided, that . . . after conviction, instead of imposing the punishment hereinbefore provided . . . the court in its discretion . . . shall have the power to pass an order . . . directing the defendant to pay a certain sum weekly for the space of one year to the wife, and to release the defendant from custody on probation for the space of one year. . . . If the court be satisfied . . . that the defendant has violated the terms of such order, it may forthwith . . . sentence him under the original conviction."

In *Pritchett,* a defendant was convicted under this statute, and an order to make weekly payments and releasing the defendant on probation was entered. The defendant took an appeal, and the Court, denying a motion to dismiss the

appeal on the ground that there was no final judgment, stated (140 Md. at 316, emphasis supplied):

> "The obligation imposed upon the defendant, by the order of the court, to pay to his wife a certain sum of money weekly for the space of one year, instead of the imposition of a fine or imprisonment, or both, as first provided in the act, *is in the nature of an alternative penalty or punishment* ... and it would be going very far, we think, to hold that the defendant had no right of appeal from the order or judgment of the court, imposing upon him such pecuniary obligation on the ground that it was not a final judgment, when no other punishment could thereafter have been imposed upon him, unless he had failed to comply with the terms of the order."

The issue in *Pritchett v. State, supra*, seems to me indistinguishable in principle from that in the instant case, and we should adhere to the holding in that case.

Although not relied on by the majority, it was also argued by the State that even if the judgment is final, the defendants are nonetheless estopped from an appeal inasmuch as they "consented" to the entry of the order of probation.

While there is authority in other states for the proposition that consent to a probation order, when the alternative is incarceration, constitutes a concession of the correctness of the trial court's judgment, courts have recently moved away from this theory, noting the obvious coercion under the circumstances. A leading case holding that no appeal lies from the entry of a probation order, *Brooks v. State*, 51 Ariz. 544, 78 P. 2d 498, 117 A.L.R. 925 (1938), was recently overruled in *State v. Heron*, 92 Ariz. 114, 115, 374 P. 2d 871 (1962), the court stating:

> "The policy ... seems to be that the defendant should be grateful he is not behind bars .... This Court does not take so harsh an attitude."

In similar circumstances, in *State v. Longmore*, 178 Neb. 509, 514, 134 N.W.2d 66 (1965), the Nebraska court stated:

"Historically, the attitude was that a defendant who asked for and accepted probation, had conceded his guilt and thrown himself on the mercy of the court. Under modern probation provisions and procedures, and our present judicial administration, it would be straining logic to the utmost to assume that where the accused asked for probation, he received it only because of the request. It is almost more difficult to contend that after probation is granted and the order entered, it was not really a judicial determination by the court, but was, instead, inspired by the defendant, and was made with an implied condition that he waives his right to appeal by accepting. Such an historical position ignores the realities of the situation."

Consent to a judgment in a civil case has often been held to bar an appellant from maintaining an appeal, and this principle was recently applied to the State's attempted appeal in a criminal case where the State had deliberately and voluntarily consented to the judgment. *Lohss and Sprenkle v. State*, 272 Md. 113, 118-119, 321 A. 2d 534 (1974), and cases there cited. However, the circumstances where this principle has been applied are much different from those in the instant case. Here, the "consent" is routinely mandated in all cases involving a judgment of probation under Art. 27, § 292 (b), by the statutory language itself. It is clearly not a voluntary consent but one coerced by the alternative of fine and imprisonment. Therefore, I would reject the State's argument that the statutorily required consent bars the appeal.

In sum, the District Court's determination that the defendants were guilty of a criminal act and the court's imposition of the penalty of probation, constituted "final judgments" for purposes of appeal. The entry of these probation orders under Art. 27, § 292 (b), being one of the

alternative punishments provided by the criminal code, fully met the statutory requirement that an appeal be "from a final judgment entered in the District Court." Section 12-401 (a) of the Courts and Judicial Proceedings Article. Nothing in the statutory language warrants the majority's conclusion that the Legislature intended that criminal defendants be denied a right to appeal a judgment of probation under § 292 (b). Under the majority's holding, a defendant who is found guilty and placed on probation under § 292 (b), who must pay the court costs as the instant defendants did, and who successfully complies with the numerous conditions of probation which interfere with his rights as a free citizen, can never have appellate review of the trial court's proceedings and judgment. I cannot believe that the Maryland General Assembly, which has consistently provided defendants with one absolute right of appeal in criminal cases, intended any such result.