(Decided June 23rd, 1897).

## HEALD & CO. *vs.* COLDEN RHIND.

*Iaterpleader—Finality of Decree—Right of Party to Participate in the
Distribution of the Fund Who Answered the Bill After Decree
of Interpleader.*

The failure of a party to answer a bill of interpleader by which a fund
is brought into Court for distribution until after an interlocutory de-
cree is passed, does not preclude such party from asserting his claim
at any time before a final decree is made.

A decree of interpleader is not final.

H. & Co., members of a syndicate against which a bill of interpleader
was filed, failed to answer the same before a decree of interpleader
was filed which adjudged that by reason of the failure to answer H.
& Co. were not entitled to any part of the fund brought into Court
by the interpleader. H. & Co. filed an answer and set up a claim
before final decree of distribution. The answer was filed without
special leave of the Court, but no objection was made thereto. The
final decree adjudged that the whole fund belonged to R. No appeal
therefrom was taken by H. & Co., but it was reversed on appeal by
other parties and it was held that the fund belonged to the syndicate
as an undivided entirety. *Held*, that H. & Co. were entitled to par-
ticipate in the distribution as members of the syndicate.

Appeal from a decree of the Circuit Court of Baltimore
City (DENNIS, J.)

The cause was argued before McSHERRY, C. J., BRYAN, FOWLER, BRISCOE, PAGE, and BOYD, JJ.

The Court declined to hear *D. K. Este Fisher*, for the appellants.

*Edwin G. Bœtjer* (with whom was *Richard M. Venable* on the brief), for the appellee.

McSHERRY, C. J., delivered the opinion of the Court.

Having decided in the preceding case that Colden Rhind is not entitled in his own right to any portion of the shares that have been called lapsed or abandoned; and having further held that he is only entitled to such part thereof as may be covered by the assignments which he holds from some members of the syndicate; the question now to be disposed of is whether Heald and Company may participate in the fund in Court or whether the portion claimed by them forms one of the lapsed or abandoned shares. Heald and Company were members of the syndicate. They were made parties to the bill of interpleader, but failed to answer until after the decree directing the parties to interplead had been passed. That decree was signed on June the thirteenth, 1894, and the answer of Heald and Company was filed on the fourth of October following. By paragraph E, section 2 of the decree of interpleader, it was adjudged that Heald and Company and several others having failed to answer were entitled to no interest in the fund. The final decree which declared that Rhind was the owner of the entire fund was passed on May the fifth, 1896. Heald and Company did not appeal. It is now insisted by Thom and Redwood and by Alexander Brown and Sons that Heald and Company having been adjudged by the decree of interpleader to have no interest and having taken no appeal from the final decree awarding the fund to Rhind, are precluded from now asserting any claim to the fund; and that the share of that fund which would have gone to the firm of Heald and Company had they made their claim in due season forms

the fifth-lapsed or abandoned share——the other four shares being those of the Bank of Charleston, R. M. Marshall and Brother, Parsons, Leach and Company and The Baltimore Trust and Guarantee Company. The Court below decreed by section 3 of paragraph V, that Heald and Company were not entitled to participate in the fund and neither Thom and Redwood nor Alexander Brown and Sons were entitled to a dividend of the share which Heald and Company claimed. By the same paragraph and section the decree awarded to Rhind the amount demanded by Heald and Company.

It is perfectly clear that the decree of interpleader was not a final decree. *Barth* v. *Rosenfield,* 36 Md. 604; *Owings* v. *Rhodes,* 65 Md. Md. 408 ; *Miller's Equity,* sec. 724. As stated by Mr. Miller in his admirable and very reliable work on Equity just published : " A decree passed upon the filing of a bill of interpleader  \*  \*  \*  \*  is interlocutory, settling the rights of no party, and is at all times prior to a final decree subject to revision and alteration.  \*  \*  \*"  Sec. 724. And in the note to the same section it is said, on the authority of *Owings* v. *Rhodes, supra,* " that from the nature of the procedure there must be a preliminary decree so that the codefendants may have an opportunity to properly present their conflicting claims ; the Court could not undertake to determine the validity of the claims in controversy before all evidence in support of those claims had been adduced." This interlocutory decree declaring that Heald and Company had no interest in the fund, merely because they had failed to answer, did not preclude them from asserting a claim at any time before a final decree was passed. After the interlocutory decree was signed, but long before the case reached a final decree, Heald and Company went into the case without apparent objection, filed an answer and set up a claim to an interest in the fund. The final decree of May the fifth, 1896, adjudged that Rhind alone owned the whole fund in dispute ; but that decree having been declared on appeal to be

radically erroneous was wholly and entirely reversed. It thereupon ceased to have any efficacy whatever. Whether Heald and Company appealed from the decree of May, 1896, or not, is, therefore, immaterial. The final decree having been completely annulled could not possibly have any vitality afterwards, and consequently could not interpose any obstacle or hinderance to the assertion by Heald and Company of a claim to participate in the distribution of the fund.

We said on the former appeals reported in 84 Md. that the fund for the possession of which the parties were then litigating belonged to the syndicate, and we stated, substantially, that the syndicate was *quoad* the transactions out of which the fund arose, at least a *quasi* partnership subject to many of the principles applicable to that relation. It of necessity follows from this postulate that until the signing of a final decree making a division and distribution of the common fund belonging to the syndicate, each member of the partnership who made claim to participate in the fund had *an undivided interest in the entire fund.* Heald and Company were, before a final decree was reached, amongst those who made claim to the fund. By the decree of this Court passed in January, 1897, each member of the syndicate who had not then abandoned a claim to the fund was accorded an undivided interest in the whole fund whether each member had appealed from the decree below or not, for the fund was an undivided entirety. When the record went back from this Court to the Circuit Court of Baltimore City it contained the claim of Heald and Company, and it seems to us it would be exceedingly rigorous to hold that because no prior leave to file an answer had been obtained by them, their answer and claim actually filed must be treated as not in the case all, merely because of the inter vention of the decree of interpleader which settled and determined nothing finally. Heald and Company confessedly did make claim to a part of the fund and in this respect their situation is different from that of the Trust Company

which explicitly disclaimed any interest therein ; and their position is also unlike that of the Bank of Charleston, R. M. Marshall and Brother, and Parsons, Leach and Company, who have never yet asserted any claim whatever.

As neither the decree of interpleader nor the reversed final decree could effectually debar Heald and Company, we think they are entitled to participate in the fund to the extent claimed by them. In announcing this conclusion it may not be amiss, with a view of avoiding further litigation, to say that the reasons we have given for letting in the claim of Heald and Company do not apply to the Trust Company, to Marshall and Brother, to the Bank of Charleston, or to Parsons, Leach and Company ; because as respects the Trust Company its disclaimer disentitles it to any share of the funds ; and because as to the other parties named they have never heretofore set up any claim whatever to the fund, and now that we have decided that the unclaimed or lapsed shares belong to the other members of the syndicate in the proportions set forth in paragraph three of the decree below, it is too late for a new claim to be interposed.

As there was error in rejecting the claim of Heald and Company and in awarding the sums demanded by them to Rhind, the decree in this particular must be reversed and this cause must be remanded to the end that a new decree allowing the claim of Heald and Company may be passed.

> *So much of the decree below as disallows the claim of Heald and Company, and as awards the sum claimed by them to Rhind, is reversed with costs above and below and the cause is remanded for a new decree conforming to this opinion.*

(Decided June 23rd, 1897).