FRANKLIN J. MORTON *vs.* WALTER H. HARRISON.

*Demurrer to Bill in Equity Overruled by Plea—Express Trust Not Barred by Limitations—Plea of Former Recovery.*

When a defendant demurs to the whole of a bill in equity and also files a plea setting up a defense to the relief asked, the plea operates to overrule the demurrer, which is then out of the case.

The Statute of Limitations is not applicable to an express trust, as between trustee and *cestui que trrust;* and whether laches is a defense to a bill seeking to enforce such a trust depends upon the facts of the particular case.

A plea of a former recovery or judgment is not a bar to a subsequent suit unless it alleges that the proceedings in the former suit were taken for the same purpose as the proceedings in the subsequent suit.

The judgment in an action at law brought to recover a specified sum as the purchase price of certain property is not a bar to a bill in equity alleging that the same defendant had received the property upon certain express trusts.

*Decided November 17th, 1909.*

Appeal from the Circuit Court of Baltimore City (HEUIS-
LER, J.).

The cause was argued before BOYD, C. J., BRISCOE,
PEARCE, SCHMUCKER, BURKE and THOMAS, JJ.

*James McEvoy* and *Wm. H. Hudgins* (with whom was
*George R. Willis* on the brief), for the appellant.

*George R. Gaither,* for the appellee.

PEARCE, J., delivered the opinion of the Court.

This is an appeal from a decree of the Circuit Court of
Baltimore City overruling a demurrer to an amended bill in
equity. The original bill was filed August 12th, 1907, and
on September 6th the defendant filed a demurrer to the bill
and also a plea in bar, and the plaintiff filed the usual repli-
cation to this plea in so far as the same could be taken to
deny or avoid the allegations of the bill. Following this rep-
lication an agreement of counsel was filed that the record of
the case of the same parties in this Court filed herein March,
·1896, should be considered as in evidence *"in the matter* of
the plea filed by the defendant in the pending cause as fully
as if the same had been duly proven and formally filed herein
so far as the said record may be found to be material to the
issue in the pending cause and that the judgment there ap-
pealed from was affirmed." Following the filing of that agree-
ment and on the same day the defendant's plea was with-
drawn, and following that withdrawal, also on the same day,
the demurrer to the bill was sustained with leave to plaintiff
to file an amended bill, and thereupon the plaintiff did file
an amended bill.

Its averments may be thus summarized:

1st. That on December 8th, 1894, the plaintiff Harrison
being the owner of a machine and device for making barrels
and kegs under an assignment from the owner of said ma-
chine and device, one Campbell, whose application for a

patent was then pending in the Patent Office of the United States, entered into an agreement with the defendant, Morton, under their hands and seals, to convey to said Morton all his rights and interest in said machine and device, together with all patents issued therefor in this and in foreign countries and also, in pursuance of said agreement, executed and delivered to said Morton a proper deed of assignment of all said rights and interests.

2nd. That Harrison, believing he had a right to recover on said agreement, brought suit thereon in the Baltimore City Court in February, 1895, and that Morton defended said suit on the ground that said agreement had never been delivered by him to Harrison, and that it was not capable of enforcement in said suit, but admitted in the course of said trial that he had received from Harrison all the rights and interests mentioned in said agreement, but that he received and accepted the same as trustee for said Harrison. That the result of said suit and the verdict and judgment therein was in favor of said Morton upon the issues raised, and against the enforceability of said agreement, but that the trust under which said Morton admitted he held said rights and interests is a valid, subsisting trust for the benefit of said Harrison.

3rd. That said Morton accepted said trust and entered into its execution, and that in pursuance thereof and of said assignment letters patent for said device were issued by the United States and were assigned to and accepted by said Morton, who subsequently procured foreign patents to be issued to himself for said device in Great Britain, France, Belgium, Austria-Hungary and Canada.

4th. That said patents and property were at the time of said transfer of great value to said Morton as trustee, as was then well known to him and still are of great value to him, but that said Morton has never rendered to said Harrison any account whatever of his conduct of said trust or the earnings thereof.

5th. That said Harrison does not know and without the assistance of this Court cannot ascertain what has been done

in the execution of said trust, nor what are his rights thereunder.

And 6th. That said Campbell was not, at the time of said transfer, interested in any manner in the property and rights so transferred, and that said Harrison alone is entiled to the benefit thereof.

The prayers of the bill are: 1st. That defendant may answer the same. 2nd. For a full and complete discovery of everything done by the defendant in virtue of said trust, and of all the property, patents, royalties and profits received by him thereunder. 3rd. For a full account of everything so acquired and held by him. 4th. That a decree be made requiring the said Morton to pay to said Harrison whatever amount may be found to be due upon such discovery and accounting. And 5th. For such further and other relief as the case should require.

The original bill prayed for an injunction to restrain Morton from mortgaging or disposing of any of the property or rights mentioned therein and for a receiver pending the proceedings, but there was no such prayer in the amended bill.

Morton demurred to the amended bill: 1st. Alleging that it did not state such a case as entitled the plaintiff to any decision in equity. 2nd. That it did not state such a case as entitled him to any relief in equity. 3rd. That there was a plain and adequate remedy at law. 4th. That the alleged cause of action did not arise within twelve years before bill filed or process served. 5th. That Harrison was guilty of such laches as barred all relief in equity. Morton also filed a plea, alleging that Harrison brought suit in February, 1895, against him in the Baltimore City Court for damages for breach of the same contract mentioned in this bill; that Morton pleaded, denying the validity of said agreement, and also pleaded a set-off, and that judgment was entered in said suit in his favor against said Harrison for $35,091.65, and that on appeal from said judgment by Harrison to the Court of Appeals of Maryland said judgment was affirmed and was still unsettled and unpaid.

Issue was joined on this plea, and the case went to hearing without testimony, and without any agreement in relation thereto, and the Court overruled the demurrer and plea with the usual leave to answer, but Morton declined to answer and has appealed.

It will be seen that both the demurrer and the plea went to the *whole bill.* In this state of the pleadings, the law was laid down by CHANCELLOR BLAND in *Hannah K. Chase's Case,* 1 Bland, 217. In that case the plaintiff's bill asked for an assignment of dower and a sale of the property for the payment of rents and profits due her since her husband's death. The defendants contested her claim altogether and in every shape. They couched their defense in the form of a plea and answer. The substance of their plea was that the plaintiff had previously filed two bills against them, in both of which she claimed dower in the same property, and that those suits were settled and dismissed, and they therefore pleaded those suits and their settlement and dismissal in bar to the plaintiff's claim made in the bill.

In disposing of the pleadings the Chancellor said: "One of the peculiar and proper offices of a plea is to present such a defense as shows that the defendant cannot be compelled to make, or may well be excused from making, such an answer as the bill calls for; and therefore upon the ground of inconsistency the defendant cannot be permitted, by way of plea, to aver that he ought not to be compelled to answer as called upon in relation to any particular matter, and at the same time to put his defense as to the same matter into the form of such an answer as the bill calls for. Hence if a defendant answers to anything to which he has pleaded he thereby overrules his plea; for his plea is only why he should not answer, so that if he answers he waives his plea to the same matter. *The same principle is equally applicable to demurring and answering, and to demurring and pleading to the same part.* The plea of these defendants must therefore be totally rejected as being overruled by the subsequent answer covering exactly the same matter." The same rule is laid down in

*Story's Equity Pleadings,* sec. 688, as to an answer overruling a plea and the same reason is given for it. And in 6 *Enc. Pl. & Pr.,* page 414, it is said: "A demurrer to a bill or any part thereof is overruled either by a plea to the whole bill, or to the same part thereof;" and numerous cases are cited in support of the statement, among them *Livingston* v. *Story,* 9 Peters, 657, in which the Supreme Court of the U. S. said: "A defendant may demur, answer and plead to different parts of a bill, but if he demurs to the whole bill the demurrer must be overruled, 5 *Johns Ch.,* 186." The case of *Chase,* in 1st Bland, was expressly approved in *Frederick County* v. *Frederick City,* 88 Md. 663, and we shall not therefore go into the consideration of the demurrer merely observing that the defense of limitations is never available against an express and continuing trust as between trustee and *cestui que trust,* and that under the decision in *Hanson* v. *Worthington,* 12 Md. 420, where the conditions were closely alike, the defense of laches would not be available.

The appellants plea sets up in bar to the bill an alleged judgment "founded upon the same contract as that alleged in his bill of complaint and upon identically the same facts therein set forth," rendered in the Baltimore City Court in favor of the defendant in this case, who was also the defendant in the former case. This plea is defective in our judgment and was properly overruled. In *Story's Eq. Pl.,* sec. 737, which treats of a plea of the pendency of another suit the author says: "In a plea of this sort there are several matters which are essential to its sufficiency," and he adds: "It should state not only that the same issue is joined in the former suit as in the suit now before the Court, and that the subject-matter is the same, *but also that the proceedings in the former suit were taken for the same purpose,"* and in section 780, treating of a plea of a former judgment of a Court of competent jurisdiction, he states the same averment is essential to the validity of the plea, but there is no such averment in this plea.

If there were such averment however the result would not be different. The agreement that the record of the judgment pleaded in bar should be considered as evidence in connection with the plea to the original bill, was not renewed when the plea to the amended bill was filed, and it is not in evidence *in virtue of that agreement.* The appellant contends that as the record was brought to this Court on Appeal, and thus became a record of this Court, the Court will now take judicial notice of it. Without deciding whether it is in this case the duty of the Court to do so, we have examined it, as both parties have referred to it in argument, and have practically assented to that course. It is clear from an examination of that record that the proceedings in the former suit were not taken for the same purpose as those in the present suit. The former proceedings were taken to recover an *agreed specified* sum alleged to be due upon a certain absolute sale of certain patents by the plaintiff to defendant. That contract was found in that suit never to have been delivered by the defendant to the plaintiff, and therefore to be unenforceable in any proceeding.

The proceedings in the present case were taken to establish a trust accepted by the defendant in virtue of which he held certain patents the same above mentioned upon certain trusts for the plaintiff, and to procure an account of the profits alleged to be due thereunder. These profits were not a sum certain, and might be large or small, or nothing at all—according as the patents and the business connected therewith were successful or unsuccessful. But the purpose was to procure an account, and not to recover for breach of contract to purchase.

We think it is clear from the testimony of the defendant in the record of the former suit, at page 400 of the record, that he received and accepted the *patents* in trust—and not the *agreement,* as contended by the appellant. He testified that he did not make any agreement at all with the plaintiff; that plaintiff "then asked me if I would take it in trust, and I told him yes, I will take it in trust; he said there was a small

amount of expenses in getting out the patents. Well, I said, I will pay that, I would take it in trust for them and pay that. He said Campbell had given *it* to him in trust, and asked me if I would take it in trust. This was the way of it."

Now, Campbell was no party to the agreement sought to be enforced in the former suit. The only *thing* Campbell gave Harrison was an assignment of the right to the patents for which application was then pending in the Patent Office, and which patents were afterwards issued and assigned to and accepted by the defendant. What Campbell gave Harrison, Harrison gave defendant; and the defendant has testified he received and accepted that thing in trust for plaintiff.

It follows that the plea was properly overruled, and the order or decree of the Court to that effect will be affirmed.

> *Order affirmed, with costs to the appellee above and below.*