# THE SOMERSET RAPID TRANSIT CO.

*vs.*

## THE MAYOR AND COUNCIL OF CRISFIELD.

*Equity: pleading; effect of plea and answer on demurrer.*

An appeal will not lie from an order overruling a demurrer which goes to part only of the bill.                              p. 371

Where a demurrer is filed to the entire bill, the filing of a plea and answer operates to overrule the demurrer.      p. 372

Where an answer was on file, while the demurrer was being considered and acted on, its subsequent withdrawal can not change its effect upon the demurrer.              pp. 371-372

*Decided June 22nd, 1915.*

Appeal from the Circuit Court for Somerset County. (In Equity.)  (STANFORD, J.)

The facts are stated in the opinion of the Court.

Thee cause was argued before BOYD C. J., BRISCOE, THOMAS, PATTISON, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*James E. Ellegood* (with whom were *Henry B. Freeny* and *F. Leonard Wailes* on the brief), for appellant.

*Albert S. J. Owens,* filed a supplemental brief for the appellant.

*Miles & Meyers,* filed a brief for the appellee.

PATTISON, J., delivered the opinion of the Court.

The appellee in this case, on January 2, 1915, filed its bill in the Circuit Court for Somerset County, asking, first, that the appellant, the Somerset Rapid Transit Company, be enjoined from running or operating its motor buses along and over the streets of Crisfield; and, second, for general relief.

The bill alleged that the appellant company, at the time of the filing of the bill, was engaged in carrying passengers from points in Somerset County to points in Crisfield, along and over the streets of said town. That the two motor buses used by it were of great weight, the larger weighing, when loaded to its full capacity, from thirteen to fourteen tons, and the smaller one, when fully loaded, from eight to ten tons, and were too heavy for the width of the tires with which they were equipped, and that by reason of said weight and the insufficient width of the tires they damaged the highways of the town by running and operating said motor buses upon them. The bill further alleged that the town of Crisfield "is built upon low and marshy ground, and that the streets of said town are constructed by means of shell and gravel bedding upon said marshy under soil; that said streets are sufficiently firm and strong for ordinary travel, but that because of the excessive weight of said buses and the insufficient width of the tires thereof, the said buses break through the bed of said streets as fast as your Orator, by the use of all possible care and diligence, can repair said breaks"; and that the plaintiff was unable to keep said streets and highways in repair and safe for public travel "because of the continuous destruction wrought upon said streets by said motor buses"; and that said damage or injury to said streets "is irreparable and not susceptible of adequate compensation in the ordinary course of law."

To this bill the following demurrer was thereafter filed on January 11th:

> "The defendant demurs to so much of the bill of complaint in the above cause as prays the Court 'that

the said Somerset Rapid Transit Company may be en-
joined from running or operating its motor buses over
and along the streets of Crisfield.'

"(1) Because the defendant is a public service cor-
poration doing business under the control of the Pub-
lic Service Commission of the State of Maryland, and
with its leave and license for the year 1915, and
according to the statute in such cases made and pro-
vided.

"(2) Because it is a common carrier within the
State of Maryland under the laws of the said State,
and under the control of the Public Service Commission
of Maryland, and is operating with its license for 1915,
and in conformity with the statute.

"(3) Because there are no sufficient allegations in
the bill of complaint to sustain the injunction.

"(4) Because this Honorable Court is without juris-
diction to enjoin the defendant."

The demurrer was set down for argument on January
23rd. The docket entries disclose that on January 15th an
"answer, plea and motion to dissolve" were filed. The an-
swer, although in the case at the time when the demurrer
was considered and acted upon, was thereafter, on the 6th
of February, withdrawn. The plea was as follows:

"For a plea to so much of the bill of complaint as
charges 'that if the said defendant continues to use the
said motor buses as aforesaid, all of the streets of the
said town, used by the said motor buses, will be ren-
dered unsafe and unfit for public travel in spite of all
the efforts that can be made to keep the said streets
in repair,' the respondent not only denies the said
allegation, but says it is a public service corporation,
organized under the laws of Maryland, and is a 'com-
mon carrier' for hire, of passengers and traffic be-
tween points within and without the corporate limits
of said town—that is to say, its termini are within
and beyond the corporate limits of said town; that it
is organized by the special permission of the Public

Service Commission of Maryland, and under its imme-
diate control and management, and is operated by the
express leave and license of the said Public Service
Commission; that it began its operation as a common
carrier aforesaid about the 1st day of September,
1914, within the corporate limits of the plaintiff, with
its knowledge and consent, and has continued to so
operate without objection till about the 15th day of
December, 1914, and that it has in all respects observed
the law regulating the use of motor buses used as com-
mon carriers, and has in all respects kept and observed
all the regulations both of the law and of the Public
Service Commission of the State of Maryland, where-
upon the defendant prays that the injunction be dis-
solved and the said bill dismissed with costs."

After argument upon the demurrer the following order was
passed:

"The defendant's demurrer standing ready for hear-
ing and being submitted, and the solicitors for the
parties having been heard, the proceedings including
the defendant's *answer and plea* filed herein;

"It is thereupon, by the Circuit Court for Somerset
County, in Equity, this 23rd day of January, 1915,
ordered and adjudged that the said demurrer be and
the same is hereby overruled."

It was from this order that the appeal in this case was
taken, and a motion has been filed to dismiss the appeal upon
the ground, first, that the demurrer was to a part only of
the bill, and therefore an appeal would not lie from an
order thereon overruling such demurrer; or second, if the
demurrer went to the whole bill that the plea and answer
thereafter filed overruled such demurrer.

If it be true that the demurrer is to a part of, and not
to the whole bill, the contention of the appellee is correct,
and for such reason the appeal should be dismissed; *Peoples*
v. *Ault,* 117 Md. 636. But we are rather of the opinion
that the demurrer, in effect, goes to the entire bill, and if

so the appeal should nevertheless be dismissed, inasmuch as the plea and answer thereafter filed to the bill overruled the demurrer; *Morton* v. *Harrison,* 111 Md. 536; *Frederick Co.* v. *Frederick City,* 88 Md. 654; *Hannah K. Chase's case,* 1 Bland, 217.

The answer, which was filed on January 15th and withdrawn on February 6th, as well as the plea, was in the proceedings when the demurrer was considered and acted upon by the Court on January 23rd, and this fact is noted by the Court in its order. The withdrawal of the answer at such time could not change the effect upon the demurrer occasioned by the filing of said plea and answer.

The answer is not before us, but we may assume that upon such answer the respondent based its motion to dissolve the injunction, and that it went to the whole bill, or certainly to so much of it as affected the plaintiff's right to the injunction, and hence covered the demurrer.

It is evident from the Court's order that it regarded the answer and plea as overruling the demurrer.

The appeal in this case is not from an order granting the injunction, and if it were the appeal could not be heard, as the answer is not before us; *Williams Co.* v. *U. S. Baking Co.,* 86 Md. 475.

The effect of the answer upon the demurrer was to overrule it, and as was said in *Frederick Co.* v. *Frederick City, supra,* thereafter the demurrer "must be treated as out of the case"; *Morton* v. *Harrison, supra.* Therefore, as the demurrer was out of the case, the ruling of the Court upon it is to be regarded as a nugatory act, and hence there being nothing to appeal from, the appeal should be dismissed.

*Appeal dismissed, with costs to the appellee.*