CHARLES B. SCARBOROUGH *v.* ALICE K. SCARBOROUGH.

[Nos. 39-43, January Term, 1936.]

*Decided February 20th, 1936.*

The cause was argued before BOND, C. J., URNER, OFFUTT, PARKE, SLOAN, MITCHELL, SHEHAN, and JOHNSON, JJ.

*J. Calvin Carney*, with whom was *C. Walter Cole* on the brief, for the appellant.

*E. Paul Mason*, with whom was *Robert J. MacGregor* on the brief, for the appellee.

PARKE, J., delivered the opinion of the Court.

Alice K. Scarborough began in the Circuit Court No. 2 of Baltimore City a suit for temporary alimony, with counsel fees and costs of suit, and permanent alimony, on the grounds of the cruelty and desertion of her husband, Charles B. Scarborough. The plaintiff alleged that she is a resident of Baltimore City and her husband of Baltimore County. The defendant pleaded a combination of answer and plea in one document. By the answer he denied the material allegations of the complaint, and by his plea he set up in abatement of the suit the averment that the defendant is a resident of Baltimore County, and was such at the beginning of the suit. His plea negatived any exception that might have brought him within the jurisdiction of the Baltimore City court, and there is no controversy of the sufficiency of the content of the plea in abatement.

At the conclusion of the pleading, the defendant moved that the process be quashed, and the bill of complaint be dismissed for want of jurisdiction; and shortly thereafter had the question of jurisdiction set down for hearing. The chancellor heard the matter and denied the plea in abatement. The position taken by the chancellor is that, having in a single pleading both answered and pleaded in abatement, the defendant has waived the plea and has submitted himself to the jurisdiction of the court for every purpose of the case. In support of this position, the appeal in *Harrison v. Harrison* (1912) 117 Md. 607, 84 A. 57, is relied upon. While this opinion unquestion-

ably announced the rule in conformity with the chancellor's decision, it is no longer applicable because of the later (1919) adoption of General Equity Rule No. 18 (Code, art 16, sec. 173), which introduced new methods of pleading. So far as its provisions affect the pending question, the rule explicitly abolished pleas. It provided that every defense which might theretofore have been presentable by pleas in bar or abatement shall be made in the answer, and may be separately heard and disposed of before the trial of the principal case in the discretion of the court. As a necessary consequence of the rule, the defendant had the right to answer, and in that answer to set up, in addition to the answer to the equity of the complaint, any defense that formerly would have been interposed by a plea in abatement. The pleading, therefore, was in strict conformity with the rule, and the defendant lost none of his defenses. Inconsistent defenses may be stated in an answer. Rule 20, Code, art. 16, sec. 179. See *Withers v. Denmead,* 22 Md. 135, 146, 147; *Bancroft's Code Pleading* (1926) vol. 1, sec. 258, p. 415; sec. 725, p. 1018; sec. 181, pp. 308, 309; sec. 721, p. 1012; *Foster's Federal Practice* (6th Ed.) vol. 1, secs. 173-177; *Roberts v. Lewis,* 144 U. S. 653, 656, 657, 12 S. Ct. 781, 36 L. Ed. 579; *Buckner v. Cronhardt,* 132 Md. 616, 104 A. 169.

The court having elected to hear and dispose of the defense in abatement of the suit on the bill and the matters pleaded in abatement in the answer, the facts averred in abatement are taken as true. There was, however, no variance between the bill of complaint and the facts upon which the defense in abatement depended, because the plaintiff alleged in her bill, as the defendant did in the answer in abatement, that the husband was a resident of Baltimore County.

The defendant's pleading in abatement challenged the jurisdiction of the court on the single fact that the suit was not brought where the defendant resides, and the truth of this fact was an admission of the case on the hearing. Since the plaintiff sought alimony and no other

relief, her right to sue is confined to the jurisdiction in which the defendant resides, and the formal defense in abatement, which was embraced in the answer, is a bar to recovery in the cause on this record, and the chancellor was in error in not dismissing the bill of complaint. *Woodcock v. Woodcock*, 169 Md. 40, 179 A. 826. An appeal from this ruling on October 9th is the first one taken, and is No. 39 on the docket.

Notwithstanding the continued objection by the defendant that the court was without jurisdiction, the chancellor proceeded on the contrary assumption, and successively passed an order requiring the defendant to pay temporary alimony; an order overruling defendant's demurrer to an order directing the defendant to show cause why he should not be punished for contempt for his refusal to pay the temporary alimony awarded; an order overruling defendant's demurrer to an order refusing defendant's motion to rescind its order *nisi* for an attachment for contempt; and a final order for the defendant to pay the arrears of temporary alimony and to continue to pay the temporary alimony. From each of these four orders the defendant took four separate appeals, which are Nos. 40, 41, 42, and 43 Appeals on the docket of this court, which, with the first appeal, No. 39, make the five appeals docketed in a single cause on one record. The entry on the docket of this court of a separate appeal for every order of appeal is in accordance with the immemorial practice of this court and serves a useful purpose in the practice at the bar of this tribunal. In the pending appeals, the court does not perceive any necessity for the last four appeals, as the first appeal fully presented the question involved; and will direct that no appearance fees will be allowed in the last-mentioned appeals, and that their costs will separately be taxed and shall be paid by the appellant.

The views expressed require a dismissal of the appeals in Nos. 40, 41, 42, and 43; and a reversal of the order of the chancellor dated October 9th, 1935, refusing to dis-

226

miss the bill of complaint on the ground of a lack of jurisdiction.

> *Order No. 39 Appeals reversed, and cause remanded for an order in conformity with this opinion; and the appeals in Nos. 40, 41, 42, and 43 Appeals are dismissed, with the costs, exclusive of appearance fees, in these four cases to be paid by the appellant; and the costs in No. 39 Appeals to be paid by the appellee.*